personally, could be guilty of conversion under the facts as they appear, and as they must be deemed to have been found, we are unable to understand.

The judgment and order appealed from should be affirmed, with costs.   All concur.

(115 App. Div. 59)
## KRASNOW v. SINGER MFG. CO.

(Supreme Court, Appellate Division, Second Department.   Oct. 5, 1906.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE—SUFFICIENCY.

A collector of a manufacturer deposited a sum as security for the faithful performance of his duties.   He threatened to resign.   The manager of the manufacturer told him that if he did not want to continue, he could collect up to the amount of the security deposited and quit.   He collected that sum and ceased the employment, and refused to account.   There was nothing in the contract of employment or in the certificate of deposit of security to prevent the manufacturer from waiving the advantage it might claim of keeping the deposit for six months after the termination of the employment.   *Held*, that the manufacturer had no reasonable ground to suppose that the collector was guilty of larceny.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 26–28.]

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

A collector of a manufacturer contracted to give satisfactory security for the performance of his duties.   The manager of a branch of the business of the manufacturer employed the collector.   The receipt for the sum deposited as security recited that the deposit was held for the faithful performance by the collector of his duties, and that if the collector performed his duties honestly, the deposit would be returned six months after the termination of the employment.   The manager in charge of the branch had control over its affairs, and had access to that part of the office which was behind the cashier's desk.   *Held*, to justify a finding, that the manager had authority to authorize the collector, on threatening to quit, to collect to the amount of the deposit and quit.

Action by Isaac Krasnow against the Singer Manufacturing Company.   There was a judgment for defendant, and plaintiff's exceptions were heard at the Appellate Division in the first instance.   Exceptions sustained, and motion for a new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Frank Brundage, for appellant.

Henry A. Prince (Walter C. Flanders, on the brief), for respondent.

HOOKER, J.   The action is for malicious prosecution.   Prior to the time of his arrest, the plaintiff had been for some months in the employ of the defendant as salesman and collector.   The defendant was engaged in the manufacture and sale of sewing machines.   At the time of the employment, the plaintiff deposited with defendant the sum of $100, and there was issued to him a receipt therefor, which provided that this  sum was to be held by the Singer Manufacturing Company, as security for the honest and faithful performance of his duties as an employé of the company in whatever capacity employed, "such deposit being one of the conditions of the depos-

itor's employment, and being accepted by the said company upon the conditions that neither the said deposit nor this certificate shall be transferable or negotiable in any manner, and that, if the said depositor has performed his duties honestly and satisfactorily, the said deposit will be returned to the said depositor on surrender of this certificate, six months after the termination of depositor's employment, and, if said deposit is held for six months or more, interest will be allowed thereon at the rate of 3 per centum per annum from the date of this certificate." A week before July 17, 1903, the plaintiff claims to have discovered a case where the defendant's manager, a Mr. Wise, had sold a sewing machine, the sale of which the plaintiff supposed himself entitled to, and because he was deprived of the commissions of that sale, he, therefore, laid his grievance before Mr. Wise, and told him that he thought he would resign on account of such conduct. He testified that Mr. Wise then said: "If you do not want to stay, you can collect up your security and go." The plaintiff then performed his duty as collector as theretofore, and on Friday, the 17th of July, had collected the sum of $110. He accounted for this sum to the bookkeeper, by giving her a statement of all collections he had made during the week, and attached his certificate of deposit, or, as it was called, "The Security Certificate," and a $10 bill, claiming that he was entitled to retain out of his collections the sum of $100, which he had theretofore deposited with defendant as security for the faithful performance of his duty. The bookkeeper insisted that he should pay the whole sum of $110 in cash, and demanded the $100 shortage from him. This he refused to deliver. Some four weeks after that he made an unsuccessful effort to collect, from the defendant the sum of $19.80, which he claimed was still owing to him on account transaction by way of commission; the defendant refused to pay him, and he sued it in the Municipal Court. Early on the morning of the day the summons in that suit was returnable, the plaintiff was arrested, charged with the crime of grand larceny upon information laid by the defendant's bookkeeper. After several adjournments the magistrate held the plaintiff to await the action of the grand jury. In December, 1903, the grand jury to which the matter was presented refused to indict, and, on reconsideration the next day, reached a similar conclusion. Another grand jury, in March, 1904, refused to indict, and this action was brought.

The question of probable cause should have been left to the jury. The statement of Mr. Wise to the plaintiff that if he did not care to stay, he might collect up his security and go, is fairly open to the construction that it was permission to the plaintiff to collect, in the course of his employment, an amount equal to the sum he had deposited theretofore with defendant, as security for the faithful performance of his duties, and in that manner to reimburse himself. There was nothing in the terms of the certificate of deposit, or in the contract of employment, to prevent the defendant from waiving the advantage it might claim of keeping the deposit for six months after the termination of the plaintiff's employment; the possibility of such a waiver seems to have been contemplated by the parties, for it is

provided in the certificate that "if such deposit is held for six months or more interest will be allowed thereon at the rate of 3 per centum per annum from the date of this certificate." If, therefore, the company, through its agent Mr. Wise, meant to give to the plaintiff permission to collect this $100 and keep it, there certainly was no larceny, and defendant had no reasonable ground to suppose that the plaintiff had been guilty of the crime of larceny, and no probable cause existed for the prosecution against the defendant.

It is objected by the defendant that there is no proof in the case that Mr. Wise had authority to waive the terms of the agreement of employment. Whether that is so cannot be important in the consideration of the case, for the terms of the certificate of deposit are not made a part of the contract of employment. In the latter the plaintiff merely agreed "to give such a guaranty or security as shall be satisfactory to it [defendant] for the faithful performance of the terms of the agreement." Mr. Wise is described in the evidence as the manager of the Singer Manufacturing Company, at their branch which was conducted at 1447 First avenue, in the city of New York. It was he who employed plaintiff in the first instance; the transaction in relation to the terms of the plaintiff's employment was conducted by him, and he seems to have had such complete domination over the affairs of his branch that he took to himself a postal card which came to the office for an order from a customer of the plaintiff's, and sold the customer himself. He also had access to that part of the office which is behind the cashier's desk. We think the jury would have been justified from these facts in finding that the apparent authority of Mr. Wise extended to a waiver of the advantage which the defendant might insist upon of retaining plaintiff's deposit of $100 for six months after the termination of the plaintiff's employment.

We have considered the other objection raised by the defendant, that the plaintiff has not proved a cause of action, but are of the opinion that the evidence in the record called for the presentation of the case to the jury, and the plaintiff's exceptions are therefore sustained.

Plaintiff's exceptions sustained, and motion for new trial granted; costs to abide the event. All concur.